**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | |
|---|---|
| WILLIAM R JACKSON, JR, : | |
| : | |
| Plaintiff, : | |
| v. : | CASE NO. 4:17-CV-243-CDL-MSH |
| : | |
| WALTER TERRY STRICKLAND, : | |
| : | |
| Defendant. : | |

_____

**ORDER AND RECOMMENDATION**

*Pro se* Plaintiff William R. Jackson, Jr., has filed a complaint seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff also seeks to proceed without prepayment of the full filing fee (ECF No. 3). *See* 28 U.S.C. § 1915. The undersigned has reviewed Plaintiff's non-prisoner motion to proceed *in forma pauperis* ("IFP") and based on his submissions, finds that Plaintiff is presently unable pay the Court's filing fee. Plaintiff's motion (ECF No. 3) is therefore GRANTED and his Complaint is now ripe for screening under 28 U.S.C. § 1915(e)(2)(B).

**PRELIMINARY SCREENING**

**I.   Standard of Review**

Because Plaintiff is proceeding IFP in this case, the Court will conduct a preliminary screening of Plaintiff's Complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). When screening a complaint under 28 U.S.C. § 1915(e), the Court must accept all factual allegations in the complaint as true. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent

standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* Still, § 1915(e)(2) requires a district court to dismiss the complaint of a party proceeding IFP whenever the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting

2

under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.     Plaintiff's Claims & Factual Allegations

Plaintiff alleges that the above-captioned action "is an ongoing case that needs to be resolve, settle." Compl. 1, ECF No. 1. However, it appears Plaintiff is actually referring to a case he previously filed in this Court, *Jackson v. Washington*, No. 4:12-cv-00235-CDL-MSH (M.D. Ga. Sept. 11, 2012) ("*Jackson I*"). In *Jackson I*, Plaintiff alleged that he had an altercation with Defendant Strickland, his cellmate, on September 1, 2012, in which Plaintiff suffered a broken wrist as well as injuries to his head, neck, and shoulder, among other things. *Jackson I*, Am. Compl. 5, ECF No. 9. In this action, Plaintiff again contends that Defendant Strickland assaulted him on September 1, 2012, breaking his wrist and causing back and head injuries. Compl. 1. Plaintiff states that he still suffers pain and ongoing complications from this assault, for which he is seeking compensation. *Id.*

In *Jackson I*, the Court found that Defendant Strickland, an inmate and private citizen, did not act under color of state law for purposes of § 1983 and dismissed Plaintiff's claims against him without prejudice. *See Jackson I*, Order & R. 4, 12, ECF No. 21; *Jackson I*, Order Adopting Order & R., ECF No. 35. Plaintiff has pleaded no additional facts in the above-captioned action that suggest that Defendant Strickland was somehow a state actor when he assaulted Plaintiff on September 1, 2012. Plaintiff's Complaint in this case is thus subject to dismissal. *See Hale*, 50 F.3d at 1581; *see also Simonton v. Tennis*,

437 F. App'x 60, 62 (3d Cir. 2011) (per curiam) (affirming dismissal of plaintiff's claims against fellow inmate where the complaint contained no allegations suggesting that inmate "acted under color of state law or conspired with state actors to deny [the plaintiff] his constitutional rights").

In addition, it appears Plaintiff's claims against Defendant Strickland are now time-barred.  The limitations period for filing a § 1983 claim is controlled by state law.  *Wilson v. Garcia*, 471 U.S. 261, 266 (1985).  In Georgia, the proper limitations period for a section 1983 claim is the two-year period prescribed for personal injury claims in O.C.G.A. § 9-3-33.  *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986).  Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual.  *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996).  Under § 1983, a claim accrues when the plaintiff knows or has reason to know he has been injured, and he is or should be aware of who injured him.  *Id.* at 562.

Here, Plaintiff has pleaded that he was injured on September 1, 2012.  Compl. 1.  Plaintiff thus had two years from September 1, 2012 to file his § 1983 claims.  Plaintiff did not refile his claims against Defendant Strickland here until December of 2017, and he has not asserted a reason that the statute of limitations was—or should be—tolled.  Therefore, Plaintiff's claims are now time-barred and subject to dismissal on that basis.  *See Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (dismissal appropriate on statute of limitations grounds where plaintiff pointed the court "to no particular reason why the statute of limitations might be tolled in his case" and the court could "discern none from the record").

4

**III.   Conclusion**

Based on the foregoing, Plaintiff's motion to proceed IFP (ECF No. 3) is GRANTED, but it is RECOMMENDED that Plaintiff's Complaint be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's pending "motion to continue" (ECF No. 2), in which he seeks to proceed on his claims against Defendant Strickland, is DENIED as moot**.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.  The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made.  All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

SO ORDERED AND RECOMMENDED, this 4th day of April, 2018.

/s/Stephen Hyles                                  
UNITED STATES MAGISTRATE JUDGE